```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Mark Finnegan,

    Plaintiff,

  v.                              Case No. 2:08-cv-185

Wendy's International, Inc.,

    Defendant.

OPINION AND ORDER

This is an action brought by plaintiff Mark Finnegan, a citizen of California, against his former employer, Wendy's International, Inc., an Ohio corporation with its principal place of business in Columbus, Ohio. On January 16, 2008, plaintiff filed a complaint in the Common Pleas Court of Franklin County, Ohio, asserting claims under Ohio law for discrimination based on disability in violation of Ohio Rev. Code §4112.01, et seq., promissory estoppel, and invasion of privacy. According to the complaint, on October 2, 2006, plaintiff took a leave of absence from his position as a regional marketing director due to unspecified physical and mental illnesses. Plaintiff alleges that these illnesses rendered him "disabled" within the meaning of §4112.01. Plaintiff further alleges that while he was absent from work, defendant placed another individual in his position and failed to accommodate his disability by offering him an alternative position to enable him to return to work. He further alleges that defendant did not honor its promise to hold his position open and to find him another position in the Corporate Marketing Department, and that defendant improperly disseminated private information concerning plaintiff's mental impairment. Plaintiff seeks

"compensatory and punitive damages, damages for emotional distress arising from Defendant's violations of Ohio Revised code Section 4112.02, attorneys' fees and costs in an award greater than $25,000.00." Complaint, p. 10.

On February 27, 2008, defendant filed a notice of removal of the action to this court, citing diversity jurisdiction under 28 U.S.C. §1332(a)(1) as the basis for removal. This matter is now before the court on plaintiff's amended motion to remand and for attorney's fees filed on March 7, 2008. Plaintiff argues that defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000, as required for federal jurisdiction under §1332(a)(1).

A federal district court has original jurisdiction over any civil action involving diverse citizens "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. §1332(a). A defendant seeking to remove such an action must file a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. §1446(a). The notice of removal must be filed within thirty days of receipt by the defendant of the initial pleading, or, where the initial pleading does not reveal grounds for federal jurisdiction, within thirty days of receipt by the defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. §1446(b).

A plaintiff in a diversity case may defeat removal to federal court by suing for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).

Where the plaintiff seeks in the complaint to recover some unspecified amount that is not obviously greater or less than the amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence, in other words, that it is "more likely than not," that the plaintiff's claims meet the federal amount-in-controversy requirement. Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993). This test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." Id. at 159.

In determining whether the defendant has met its burden, this court must review the damages sought by plaintiff in his original complaint, and determine whether federal jurisdiction existed as of the time of the removal. Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 573 (6th Cir. 2001); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). In meeting its burden, the defendant is permitted to demonstrate, through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000, if proven. Long v. McKesson HBOC Red Line Healthcare, No. C2-01-1226 (unreported), 2002 WL 1578840 at *2 (S.D.Ohio April 26, 2002). See Hayes, 266 F.3d at 573 ("We agree that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").

Whether the jurisdictional amount has been met is considered in light of state law and its recognition of the relief sought. Klepper v. First Am. Bank, 916 F.2d 337, 341 (6th Cir. 1990). In determining whether the jurisdictional amount has been satisfied,

punitive damages must be considered unless it is apparent that such damages cannot be recovered.  Hayes, 226 F.3d at 572.  Even in a case where the plaintiff specifically claims an amount in the complaint which is lower than the federal limit, remand is not necessarily required where state law enables the plaintiff to seek and recover damages exceeding the amount prayed for in the complaint.  Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 375 (6th Cir. 2007);  Rogers, 230 F.3d at 871.  For example, in Mitchell v. White Castle Systems, Inc., 86 F.3d 1156 (table), 1996 WL 279863 (6th Cir. May 24, 1996), an employment discrimination action where plaintiff requested less than the jurisdictional amount, the court found that defendant met its burden of showing that the potential value of the claim, including lost wages and benefits, damages for emotional distress, punitive damages, and damage to reputation would likely exceed the jurisdictional limit.

    Plaintiff's complaint does not claim a specific amount in damages or place a cap on damages, but rather requests "an award greater than $25,000.00."  In his complaint and in his motion to remand, plaintiff does not specifically disclaim any right to recover over $75,000 in damages.  However, even if express language requesting less than $75,000 had been included in the complaint, Ohio Civil Rule 54(C) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."  Ohio Civil Rule 54(C).  Thus, the fact that plaintiff has not specifically requested an amount over $75,000 would not preclude him from seeking to recover in excess of that amount at trial.

4

Plaintiff argues that defendant has not satisfied its burden of showing by a preponderance of the evidence that the jurisdictional amount has been satisfied.  Plaintiff argues that the "conclusory allegations" in the removal petition are insufficient to establish jurisdiction.  However, §1446(a) requires only a "short and plain statement" of the grounds for removal, and the record shows that defendant complied with this requirement. See Notice, ¶ 3.  The removal notice, at ¶ 3(c), states that since plaintiff's annual salary as a regional marketing director was $148,877.00, the claimed back pay alone would exceed $75,000, without considering any additional compensatory damages, emotional distress damages, or punitive damages which are recoverable under Ohio law.  The notice further indicates that plaintiff served two settlement demands on the defendant, both of which exceeded $75,000.  Notice, ¶ 3(d).

In addition, in response to plaintiff's motion to remand, defendant has also submitted the affidavit of Shawn Karasarides, a managing corporate counsel for defendant.  Plaintiff's two settlement demands are attached to the affidavit as exhibits.  A letter to Ms. Karasarides from plaintiff's counsel dated June 1, 2007, set forth plaintiff's settlement demands, including immediate vesting of all of plaintiff's remaining unvested equity compensation (2,519 Wendy's shares/units and 434 Tim Horton shares), his 2007 award, and a lump sum payment equal to one year's salary and bonus.

In her affidavit, Ms. Karasarides states that plaintiff's final salary was $160,000 per year.  Aff., ¶ 2.  Plaintiff's bonus for 2007 would have been approximately $23,000.  Aff., ¶ 3.  Ms.

5

Karasarides also determined that if defendant had agreed to plaintiff's demand that his unvested restricted stock shares and restricted stock units immediately vest as of June 1, 2007, plaintiff, before tax withholdings, would have owned Wendy's shares valued at $101,767.60 and Tim Horton shares valued at $14,552.02. Aff., ¶ 9(b).  Ms. Karasarides estimated that the total value of the settlement demand exceeded $300,000.  Aff., ¶ 8.

Defendant made a counteroffer of $49,230.80 to settle the dispute, which plaintiff rejected on June 11, 2007.  Aff., ¶ 11. On October 15, 2007, plaintiff's counsel sent a second settlement demand in an e-mail to Ms. Karasarides, indicating that plaintiff had authorized a settlement demand equivalent to one year's salary ($160,000).  Aff., ¶ 11.

Plaintiff argues that these settlement demands may not be considered in determining whether the jurisdictional amount has been satisfied.  Plaintiff contends that consideration of the settlement demands is precluded by Fed.R.Evid. 408.  Rule 408 prohibits the use of settlement discussions "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction[.]"  Fed.R.Evid. 408(a). However, Rule 408 "does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a)." Fed.R.Evid. 408(b).

Courts have held that Rule 408 does not preclude the use of settlement offers to establish that the amount-in-controversy requirement has been met. See Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006)(district court entitled to take

6

settlement offers into account in determining amount in controversy; defendant used offers "to show the stakes, a question independent of the claim's merit."); Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n. 3 (9th Cir. 2002)(settlement offers used to indicate plaintiff's assessment of value of case not barred by Rule 408); Archer v. Kelly, 271 F.Supp.2d 1320, 1323 (N.D.Okla. 2003)(use of settlement demands to show amount in controversy not precluded by Rule 408).

Plaintiff also argues that the settlement demands are not sufficient to show that his claims exceed $75,000.  Courts have held that a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.  Cohn, 281 F.3d at 840; Chase v. Shop "N Save Warehouse Foods, Inc., 110 F.3d 424, 428-30 (7th Cir. 1997)(plaintiff's settlement offer properly considered in determining plaintiff's assessment of the value of her case); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994)(settlement offer may not be determinative, but "it counts for something"). Here, plaintiff's settlement demands were based on readily quantified damages reflecting a reasonable estimate of his claim, and the court may consider these demands along with the allegations of the complaint in determining whether it is more likely than not that plaintiff's claims satisfy the jurisdictional amount.

Plaintiff notes that defendant responded to his first demand with a counteroffer of less than $75,000.  However, in the Sixth Circuit, the amount in controversy is determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.  Smith v. Nationwide Property and

7

Casualty Ins. Co., 505 F.3d 401, 407 (6th Cir. 2007). Here, plaintiff responded to the defendant's settlement offer with a second demand of $160,000, more than double the $75,000 minimum amount.

Plaintiff notes at page 4 of his motion to remand that the complaint does not allege a specific claim for back pay or front pay, and that since he was employed at a comparable position before the end of 2007, it would not be appropriate to conclude that his back pay damages exceed $75,000. However, he does not disavow any intent to seek back pay as damages in this case, and his settlement demands indicate that he is pursuing lost wages for 2007. The complaint mentions nothing about plaintiff obtaining another job or receiving other income which would be subtracted from any potential damage award against defendant for lost wages. Plaintiff has also submitted no evidence as to whether or when he obtained other employment, or how much in salary plaintiff lost in 2007.

In addition, back pay is not the only type of damages which plaintiff may reasonably recover in this case, based on the allegations in his complaint. In the complaint, plaintiff requests "compensatory and punitive damages, damages for emotional distress arising from Defendant's violations of Ohio Revised code Section 4112.02, attorneys' fees and costs." As to plaintiff's discrimination claims under Ohio Rev. Code §4112.99, this prayer is broad enough to include back pay and front pay as well as other types of monetary damages. See Rice v. CertainTeed Corp., 84 Ohio St.3d 417, 419, 704 N.E.2d 1217 (1999)(noting that the term "damages" in §4112.99 "is an inclusive term embracing the panoply of legally recognized pecuniary relief" including pecuniary loss,

8

compensation for mental pain and suffering, back and front pay, benefits, and punitive damages).  Plaintiff also seeks damages, including punitive damages, in connection with his invasion of privacy and promissory estoppel claims.  The settlement demands indicate that plaintiff is also seeking to recover in excess of $75,000 in unvested shares or units of stock.

Defendant has met its burden of establishing that it is more likely than not that the amount in controversy in this case will exceed the jurisdictional threshold of $75,000.  The removal was proper, and plaintiff's motion to remand and for attorney's fees is denied.

Date: May 13, 2008                     s\James L. Graham
                                       James L. Graham
                                       United States District Judge

9